UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSIGHT HEALTH SERVICES HOLDINGS CORP., et al., | ) ) ) | Case No. 07-[_____] |
| | ) | (Jointly Administered) |
| Debtors. | ) ) ) | |

## APPLICATION REQUESTING ENTRY OF AN ORDER UNDER SECTIONS 327(A), 328(A) AND 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002 AUTHORIZING EMPLOYMENT AND RETENTION OF KAYE SCHOLER LLP <u>AS COUNSEL FOR DEBTORS</u>

InSight Health Services Holdings Corp. ("Holdings") and InSight Health Services Corp. ("InSight") as debtors and debtors-in-possession herein (collectively, the "Debtors"), by this application (the "Application"), respectfully seek the entry of an order pursuant to sections 327(a), 328(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Kaye Scholer LLP and its affiliated law practice entities (collectively, "Kaye Scholer") as counsel for the Debtors. In support of this Application, the Debtors submit the Declaration of Mitch C. Hill in Support of Chapter 11 Petitions and First Day Orders (the "Hill Declaration") filed contemporaneously herewith and the Verified Statement of Michael B. Solow, a member of Kaye Scholer (the "Solow Verified Statement"), attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' chapter 11 cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  The statutory predicates for the relief requested herein are sections 327(a), 328(a) and 329 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002.

## BACKGROUND

3.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Bankruptcy Code to implement and effect the Second Amended Joint Prepackaged Plan of Reorganization of InSight Health Services Holdings Corp., et al. (the "Prepackaged Plan"). The Debtors, through their domestic operating subsidiaries (the "InSight Entities"), continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtors' chapter 11 cases.

5.  A description of the InSight Entities' businesses, the Debtors' prepetition capital structure, the circumstances leading to the chapter 11 filings, the Prepackaged Plan, and the solicitation of acceptances and rejections thereof is set forth in the Hill Declaration.

## RELIEF REQUESTED

6.  By this Application, the Debtors seek to employ and retain the law firm of Kaye Scholer, effective as of the Petition Date, to represent the Debtors as their bankruptcy

counsel in connection with the filing of their chapter 11 petitions and the prosecution of their chapter 11 cases.

7. Each of the Debtors desire to employ Kaye Scholer under a general retainer because of the extensive legal services that will be required in connection with their respective chapter 11 cases and Kaye Scholer's familiarity with the businesses, financial and legal affairs of the Debtors.

8. By separate Application filed simultaneously herewith, the Debtors are seeking to employ and retain, pursuant to sections 327(a), 328(a) and 329 of the Bankruptcy Code, the law firm of Richards, Layton & Finger, P.A. ("Richards Layton") as co-counsel in these cases. The Debtors submit that it is necessary and efficient for the Debtors to employ co-counsel in these cases. Moreover, pursuant to Rule 83.5(e) of the Local Rules of the United States District Court for the District of Delaware, the Debtors are required to retain Delaware counsel. Although Kaye Scholer may consult with Richards Layton on matters of local practice and procedure, Kaye Scholer and Richards Layton have assured the Debtors that they will make every effort to avoid and/or minimize duplication of services in these cases.

## BASIS FOR RELIEF

### Necessity for employment

9. The Debtors have selected, and request to retain herein, the firm of Kaye Scholer as their bankruptcy counsel due to, among other things, (i) Kaye Scholer's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, (ii) Kaye Scholer's expertise, experience and background in dealing with the potential legal issues and problems that may arise

in the context of these chapter 11 cases, and (iii) Kaye Scholer's familiarity with the businesses, financial and legal affairs of the Debtors.

## Services to be Rendered

10. The professional services that Kaye Scholer will render to the Debtors include, but shall not be limited to, the following:

> a. advising the Debtors with respect to their rights, powers and duties as debtors and debtors-in-possession in the continued management and operation of their businesses and properties;
>
> b. attending meetings and negotiating with representatives of creditors and other parties-in-interest;
>
> c. advising and consulting the Debtors regarding the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;
>
> d. advising the Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;
>
> e. providing advice to the Debtors with respect to legal issues arising in or relating to the Debtors' ordinary course of businesses, including attendance at senior management meetings, meetings with the Debtors' financial advisors, meetings of the board of directors and committees thereof, and advice on employee, workers' compensation, employee benefits, executive compensation, tax, banking, insurance, securities, corporate, business operation, contracts, joint ventures, real property, press/public affairs, litigation and regulatory matters, and advising the Debtors with respect to continuing disclosure and reporting obligations, if any, under securities laws;
>
> f. taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against those estates, negotiations concerning all litigation in which the Debtors may be involved and objections to claims filed against the estates;
>
> g. negotiating and preparing the Debtors' plan(s) of reorganization, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

h. preparing on the Debtors' behalf all petitions, motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

i. attending meetings with third parties and participating in negotiations with respect to the above matters;

j. appearing before this Court, any appellate courts, and the Office of the United States Trustee, and protecting the interests of the Debtors' estates before such courts and the Office of the United States Trustee; and

k. performing all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with these chapter 11 cases to bring the Debtors' chapter 11 cases to a conclusion.

11. Kaye Scholer has agreed to act on behalf of, and to render such services to the Debtors.

## Disinterestedness of Professional

12. To the best of the Debtors' knowledge, except as set forth in the Solow Verified Statement, attached hereto as Exhibit A, Kaye Scholer, its partners, counsel and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two (2) years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are not related to any judge of this Court, the United States Trustee for the District of Delaware (the "U.S. Trustee") or any employee of the U.S. Trustee in this District.

13. Accordingly, the Debtors believe that Kaye Scholer, its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and its representation of the Debtors is permissible under sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of all parties-in-interest.

14. Kaye Scholer is conducting a continuing inquiry into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Kaye Scholer will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

## Prepetition Services Rendered

15. As set forth in the Solow Verified Statement, since 2001, Kaye Scholer has had an on-going prepetition relationship with the Debtors. During the course of this relationship, Kaye Scholer has represented the Debtors across a broad spectrum of practice areas including corporate and finance, employment and tax.

16. Moreover, prior to the Petition Date, the Debtors employed Kaye Scholer to advise and provide legal services in connection with their restructuring efforts. This representation included, but was not limited to, drafting and filing statements with the Securities and Exchange Commission, negotiating and structuring a plan of reorganization, reviewing and analyzing potential debtor-in-possession lenders and preparation of the legal documentation necessary to file these chapter 11 cases.

17. In providing such prepetition services to the Debtors, Kaye Scholer's professionals worked closely with the Debtors' management and have become well acquainted with the Debtors' business operations, financial condition, debt structure and related matters. Kaye Scholer thereby developed relevant experience and expertise regarding the Debtors' businesses that will assist it in providing effective and efficient services in these chapter 11 cases. Accordingly, the Debtors believe that Kaye Scholer is both well qualified and uniquely able to represent them in these chapter 11 cases.

18. Kaye Scholer is not a creditor of the Debtors. In the one year prior to the Petition Date, the Debtors paid Kaye Scholer $4,245,255.37 on account of services performed and to be performed and expenses incurred and to be incurred in connection with the Debtors' restructuring efforts and the commencement and prosecution of these chapter 11 cases.

19. More specifically, within the 90 days preceding the Petition Date, the Debtors paid Kaye Scholer the following amounts on account of professional services rendered and disbursements incurred in contemplation of or in connection with these chapter 11 cases. A payment dated March 7, 2007 of $306,884.38, a payment dated April 10, 2007 of $637,842.46, a payment dated April 30, 2007 of $1,245,169.61, a payment dated May 16, 2007 of $1,476,913.47 and a payment dated May 29, 2007 of $400,000.00.

20. As part of the payments made by the Debtors prior to the Petition Date, Kaye Scholer received an advance retainer for professional services performed and to be performed and expenses incurred and to be incurred in connection with these chapter 11 cases. After application of amounts for payment of any additional prepetition professional services and related expenses, the excess advance amounts will be held by Kaye Scholer for application toward and payment of postpetition fees and expenses allowed by this Court.

### Professional Compensation

21. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Kaye Scholer on any reasonable terms and conditions. The Debtors submit that the most reasonable terms and conditions are those charged by Kaye Scholer to the Debtors and other clients on an hourly basis in a competitive market for legal services. Therefore, the Debtors and Kaye Scholer have agreed that Kaye Scholer shall be paid its customary hourly rates for services that are in effect from time to time, as set forth in the Solow Verified Statement, and shall be

reimbursed according to Kaye Scholer's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and applicable guidelines established by the Office of the U.S. Trustee (the "U.S. Trustee Guidelines"), for all services performed and expenses incurred after the Petition Date. In addition, the Debtors desire to retain Kaye Scholer under a general retainer, because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time.

22. Kaye Scholer categorizes its billings by subject matter, in compliance with the U.S. Trustee Guidelines. Kaye Scholer agrees to charge, and the Debtors have agreed to pay, subject to this Court's approval under sections 330 and 331 of the Bankruptcy Code, the U.S. Trustee Guidelines, Bankruptcy Rule 2016 and the Local Rules, Kaye Scholer's hourly rates, as of the Petition Date, which are adjusted from time to time, and range from $570 to $830 for partners, from $525 to $625 per hour for counsel and $255 to $595 per hour for associates and from $130 to $255 for legal assistants. Kaye Scholer is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees, and transcript costs.

23. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are typically reviewed by Kaye Scholer's Executive Committee at the beginning of the calendar year. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

24. Kaye Scholer acknowledges that all amounts paid to Kaye Scholer during these chapter 11 cases are subject to final allowance by this Court. Kaye Scholer therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules for all services performed and expenses incurred after the Petition Date.

25. No arrangement is proposed between the Debtors and Kaye Scholer for compensation to be paid in these cases other than as set forth above and in the Solow Verified Statement.

## Notice and Prior Applications

26. Notice of this Application has been given to (a) the United States Trustee for the District of Delaware, (b) each of the Debtors' unsecured creditors, (c) counsel to the agent for the Debtors' prepetition revolving lender, (d) the indenture trustee for the senior secured floating rate notes, (e) counsel to the indenture trustee for the senior secured floating rate notes, (f) the indenture trustee for the senior subordinated notes, (g) counsel to the ad hoc committee of senior subordinated noteholders, (h) counsel to the ad hoc committee of senior secured floating rate noteholders, (i) the Internal Revenue Service, and (j) the Securities and Exchange Commission. In light of the nature of the relief requested herein, the Debtors submit that no further notice of this Application is necessary or required.

27. The Debtors submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Local District Court Rule 7.1.2(a).

28. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) authorizing the employment and retention of Kaye Scholer as counsel for the Debtors and (ii) granting the Debtors such other relief as is just and proper.

Dated: May 29, 2007
      Wilmington, Delaware

                          Respectfully submitted,
                          **INSIGHT HEALTH SERVICES HOLDINGS CORP., ET AL.,**

                          By: /s/ Mitch C. Hill
                                Mitch C. Hill, Chief Financial Officer