# EXHIBIT A

# Solow Verified Statement

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INSIGHT HEALTH SERVICES HOLDINGS CORP., et al., | Case No. 07-[_____] |
| | (Jointly Administered) |
| Debtors. | |

## VERIFIED STATEMENT OF MICHAEL B. SOLOW IN SUPPORT OF APPLICATION REQUESTING ENTRY OF AN ORDER UNDER SECTIONS 327(A), 328(A) AND 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2016 AND 5002 AUTHORIZING EMPLOYMENT AND RETENTION OF KAYE SCHOLER LLP AS COUNSEL FOR DEBTORS

MICHAEL B. SOLOW, being duly sworn, deposes and says:

1. I am a member of the firm of Kaye Scholer LLP and its affiliated law practice entities (collectively, "Kaye Scholer") located at 70 W. Madison Street, Suite 4100, Chicago, Illinois 60602, and have been duly admitted to practice before, among other courts, the United States Supreme Court, the United States Courts of Appeals for the Fourth, Sixth, Seventh, and Eighth Circuits, and the United States District Courts for the Southern District of New York, Northern District of Illinois, Western District of Michigan, Northern District of Texas, and the District of Arizona. I am a member of the Bar of the State of Illinois and of the State of New York.

2. I submit this Verified Statement pursuant to sections 327(a), 328(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application of InSight Health Services Holdings Corp.

("Holdings") and InSight Health Services Corp. ("InSight") as debtors and debtors-in-possession herein (collectively, the "Debtors"), seeking entry of an order authorizing the employment and retention of Kaye Scholer as counsel for the Debtors.

3. Unless otherwise stated, I have personal knowledge of the facts set forth hereinafter. To the extent that any information disclosed herein requires amendment or modification upon Kaye Scholer's completion of further analysis or as additional party-in-interest information becomes available to me, I will submit a supplemental verified statement to this Court.

### Services to be Rendered

4. The professional services that Kaye Scholer will render to the Debtors include, but shall not be limited to, the following:

>a. advising the Debtors with respect to their rights, powers and duties as debtors and debtors-in-possession in the continued management and operation of their businesses and properties;
>
>b. attending meetings and negotiating with representatives of creditors and other parties-in-interest;
>
>c. advising and consulting the Debtors regarding the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;
>
>d. advising the Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;
>
>e. providing advice to the Debtors with respect to legal issues arising in or relating to the Debtors' ordinary course of businesses, including attendance at senior management meetings, meetings with the Debtors' financial advisors, meetings of the board of directors and committees thereof, and advice on employee, workers' compensation, employee benefits, executive compensation, tax, banking, insurance, securities, corporate, business operation, contracts, joint ventures, real property, press/public affairs, litigation and regulatory matters, and advising the Debtors with respect to continuing disclosure and reporting obligations, if any, under securities laws;

f.  taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against those estates, negotiations concerning all litigation in which the Debtors may be involved and objections to claims filed against the estates;

g.  negotiating and preparing the Debtors' plan(s) of reorganization, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

h.  preparing on the Debtors' behalf all petitions, motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

i.  attending meetings with third parties and participating in negotiations with respect to the above matters;

j.  appearing before this Court, any appellate courts, and the Office of the United States Trustee, and protecting the interests of the Debtors' estates before such courts and the Office of the United States Trustee; and

k.  performing all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with these chapter 11 cases to bring the Debtors' chapter 11 cases to a conclusion.

5.  Kaye Scholer has agreed to act on behalf of, and to render such services to the Debtors.

6.  It is my understanding that the Debtors are seeking to employ and retain, pursuant to sections 327(a), 328(a) and 329 of the Bankruptcy Code, the law firm of Richards, Layton & Finger, P.A. ("Richards Layton") as co-counsel in these cases. Except that Kaye Scholer may consult with Richards Layton on matters of local practice and procedure, Kaye Scholer has assured the Debtors that it will make every effort to avoid and/or minimize duplicating services that Richards Layton will be providing to the Debtors in these cases.

## Disinterestedness of Professionals

7.  To the best of my knowledge, information and belief, except as otherwise disclosed herein, neither I nor Kaye Scholer, its partners, counsel and associates (a) are creditors,

equity security holders or insiders of the Debtors, (b) are and were, within two (2) years before the Petition Date, directors, officers or employees of the Debtors, (c) hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are related to any judge of this Court, the United States Trustee for the District of Delaware (the "U.S. Trustee") or any employee of the U.S. Trustee in this District.

8. To the best of my knowledge, information and belief, neither I nor Kaye Scholer, its partners, counsel and associates have any connection with the Debtors, their thirty (30) largest unsecured creditors (on a consolidated basis), equity security holders or any other parties-in-interest herein or their respective attorneys, except that (i) prior to the commencement of these chapter 11 cases, the Debtors consulted with Kaye Scholer with respect to, among other things, drafting and filing statements with the Securities and Exchange Commission, negotiating and structuring a plan of reorganization, reviewing and analyzing potential debtor-in-possession lenders and preparation of the legal documentation necessary to file these chapter 11 cases and (ii) Kaye Scholer, due to its national reputation representing creditors and debtors in insolvency related matters, as well as the litigation and transactional nature of its practice, has in the past represented, may presently, or might in the future represent (a) the following entities and affiliated entities in matters unrelated to and having no effect upon or influence on these proceedings: Cerberus Capital Management, L.P.; General Electric Co.; Stark Investments L.P.; Robeco USA, Inc.; Jefferies & Co. and Van Kampen Funds and (b) affiliates of the following entities in matters unrelated to and having no effect upon or influence on these proceedings: Credit Suisse Asset Management LLC (US); JPMorgan Ventures; J.P. Morgan Ventures Corp.; UBS Securities; ORIX Capital Markets, LLC; J.P. Morgan Securities Inc.; Merrill Lynch Pierce Fenner Smith; Siemens AG and U.S. Bank Trust, N.A.

9. J.W. Childs Associates, L.P., through its affiliates, (collectively, "Childs") is the beneficial owner of approximately 79.5% of the stock of Holdings and is also a creditor of the Debtors. Prior to the Petition Date, in 2001, Kaye Scholer represented Childs and Halifax (as defined below) in connection with the formation of Holdings and Holdings' acquisition of 100% of InSight. Kaye Scholer continued this representation through September 2006. Kaye Scholer will continue to represent Childs in matters unrelated to the Debtors cases.

10. In connection with its representation of Childs, Kaye Scholer provided extensive legal services to the Debtors, including providing general corporate, finance, employment and tax advice. In connection with these services, Kaye Scholer has provided legal opinions with respect to the enforceability of the various indentures, loan agreements, stock and asset purchase agreements that the various Debtors have entered into since Childs' formation of Holdings and Holdings' acquisition of InSight. In October 2006, Kaye Scholer informed Childs that it could no longer represent it in connection with any matters related to the Debtors because in any restructuring, the interests of the Debtors may become adverse to those of its stockholders, including Childs. Childs consented to Kaye Scholer's representation of the Debtors.

11. The Halifax Group, through its affiliates, (collectively, "Halifax") is the beneficial owner of approximately 20.3% of the stock of Holdings and is also a creditor of the Debtors. Prior to the Petition Date, in 2001, Kaye Scholer represented Halifax and Childs in connection with the formation of Holdings and Holdings' acquisition of 100% of InSight. Kaye Scholer continued this representation through September 2006. Kaye Scholer will continue to represent Halifax in matters unrelated to the Debtors cases.

12. In connection with its representation of Halifax, Kaye Scholer provided extensive legal services to the Debtors including providing general corporate, finance,

employment and tax advice in connection with the Debtors. In connection with these services, Kaye Scholer has provided legal opinions with respect to the enforceability of the various indentures, loan agreements and stock and asset purchase agreements that the various Debtors have entered into since Halifax acquired its interests in Holdings. In October 2006, Kaye Scholer informed Halifax that it could no longer represent it in connection with any matters related to the Debtors because in any restructuring, the interests of the Debtors may become adverse to those of its stockholders, including Halifax. Halifax consented to Kaye Scholer's representation of the Debtors.

13. Bank of America, N.A. ("BofA") is the Debtors' prepetition secured lender and proposed postpetition secured lender. Prior to the Petition Date, Kaye Scholer provided legal services to BofA and its affiliated entities including representation in debtor-in-possession financings, asset based and cash flow lending, trade finance payable programs and other related advice in matters unrelated to the Debtors. Kaye Scholer obtained BofA's written consent to its representation of the Debtors in connection with their bankruptcy cases, provided that Kaye Scholer does not represent the Debtors with respect to any challenge of BofA's liens or claims without obtaining BofA's further consent. Kaye Scholer continues to represent BofA in matters unrelated to the Debtors cases.

14. None of the entities listed above contributed more than one percent (1%) to Kaye Scholer's gross revenues over the past year.

15. Notwithstanding the foregoing, to the best of my knowledge, information and belief, Kaye Scholer, its partners, counsel and associates do not represent, have not represented (except with respect to Childs and Halifax) and will not represent any of these parties in any matter related to the Debtors or their chapter 11 cases, and, except with respect to

Childs and Halifax, none of the professionals actively working on matters related to the Debtors has represented any such parties in matters related to the Debtors cases.

16. Accordingly, I submit that to the best of my knowledge, information and belief, I am and Kaye Scholer, its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and Kaye Scholer's representation of the Debtors is permissible under sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of all parties-in-interest.

### Prepetition Services Rendered

17. In providing the prepetition services to the Debtors described above, Kaye Scholer's professionals worked closely with the Debtors' management and have become well acquainted with the Debtors' business operations, financial condition, debt structure and related matters. Kaye Scholer thereby developed relevant experience and expertise regarding the Debtors' businesses that will assist it in providing effective and efficient services in these chapter 11 cases. Accordingly, I believe that Kaye Scholer is both well qualified and uniquely able to represent them in these chapter 11 cases.

18. Kaye Scholer is not a creditor of the Debtors. In the one year prior to the Petition Date, the Debtors paid Kaye Scholer $4,245,255.37 on account of services performed and to be performed and expenses incurred and to be incurred in connection with the Debtors' restructuring efforts and the commencement and prosecution of these chapter 11 cases.

19. More specifically, as set forth on Schedule 1 attached hereto, within the 90 days preceding the Petition Date, the Debtors paid Kaye Scholer the following amounts on account of professional services rendered and disbursements incurred in contemplation of or in connection with these chapter 11 cases. A payment dated March 7, 2007 of $306,884.38, a

payment dated April 10, 2007 of $637,842.46, a payment dated April 30, 2007 of $1,245,169.61, a payment dated May 16, 2007 of $1,476,913.47 and a payment dated May 29, 2007 of $400,000.00.

20. As part of the payments made by the Debtors prior to the Petition Date, Kaye Scholer received an advance retainer for professional services performed and to be performed and expenses incurred and to be incurred in connection with these chapter 11 cases. After application of amounts for payment of any additional prepetition professional services and related expenses, the excess advance amounts will be held by Kaye Scholer for application toward and payment of postpetition fees and expenses allowed by this Court.

### Professional Compensation

21. Kaye Scholer categorizes its billings by subject matter, in compliance with the applicable guidelines established by the Office of the U.S. Trustee (the "U.S. Trustee Guidelines"). Kaye Scholer agrees to charge, and the Debtors have agreed to pay, subject to this Court's approval in sections 330 and 331 of the Bankruptcy Code, the U.S. Trustee Guidelines, Bankruptcy Rule 2016 and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Kaye Scholer's hourly rates, as of the Petition Date, which are adjusted from time to time, and range from $570 to $830 for partners, from $525 to $625 per hour for counsel and $255 to $595 per hour for associates and from $130 to $255 for legal assistants. Kaye Scholer is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees, and transcript costs.

22. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are typically reviewed by Kaye Scholer's Executive Committee at the beginning of the calendar year. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

23. Kaye Scholer acknowledges that all amounts paid to Kaye Scholer during these chapter 11 cases are subject to final allowance by this Court. Kaye Scholer therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules for all services performed and expenses incurred after the Petition Date.

24. No arrangement is proposed between the Debtors and Kaye Scholer for compensation to be paid in these cases other than as set forth herein.

25. Based on the statements contained herein, I believe that Kaye Scholer is eligible for employment and retention by the Debtors.

26. The foregoing constitutes the statement of Kaye Scholer pursuant to sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2016-1 intended to apply for compensation.

27. I have reviewed this Verified Statement, and to the best of my knowledge, information and belief, the contents of said Verified Statement are true and correct.

_____
Michael B. Solow

## Schedule 1

## Accounting Summary of Payments

| Date | Transaction | Amount | Retainer Balance |
|---|---|---|---|
| March 7, 2007 | Payment for prepetition fees and expenses incurred for the period ending February 28, 2007 | $306,884.38 | N/A |
| April 10, 2007 | Payment for prepetition fees and expenses incurred for the period ending March 31, 2007 | $637,842.46 | N/A |
| April 30, 2007 | Payment for prepetition fees and expenses incurred for the period ending April 30, 2007 | $1,245,169.61 | N/A |
| May 16, 2007 | Payment for prepetition fees and expenses incurred for the period ending May 16, 2007 and for prepetition fees and expenses to be incurred | $1,476,913.47 | N/A |
| May 29, 2007 | Payment for prepetition fees and expenses incurred for the period ending May 29, 2007 and for prepetition fees and expenses to be incurred | $400,000.00 | N/A |